UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
CIVIL DIVISION

|   |   |
|---|---|
| THE ESTATE OF DERRICK STATON )<br>7508 Castle Rock Dr. )<br>Clinton, MD 20735 )<br>)<br>and )<br>MARLA P. HOUSTON, Individually )<br>and as Administratrix of the Estate of )<br>DERRICK STATON, *Deceased* )<br>7508 Castle Rock Dr. )<br>Clinton, MD 20735 )<br>)<br>    *Plaintiffs*, )<br>)<br>    v. )<br>)<br>GARY L. BOTTALICO )<br>12413 Plantation Dr. )<br>Brandywine, MD 20613 )<br>)<br>and )<br>WASHINGTON METROPOLITAN )<br>TRANSIT AUTHORITY )<br>600 5th Street NW )<br>Washington, D.C. 20001 )<br>)<br>and )<br>THE STATE OF MARYLAND )<br>80 Calvert Street )<br>Annapolis, MD 21401 )<br>)<br>    *Defendants*. )<br>) | Civil Action No. _____<br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiffs, Estate of Derrick Staton, and Marla P. Houston, Individually and

Administratrix of the Estate of Derrick Staton, *deceased*, residing at 7508 Castle Rock Dr.,

1

Clinton, MD 20735, complaining of the defendants herein alleges through their attorney, CHRISTOPHER A. ZAMPOGNA of ZAMPOGNA, P.C. as follows:

## PARTIES

1. Plaintiff, THE ESTATE OF DERRICK STATON is the estate of the deceased, Derrick Staton which has been represented by Marla P. Houston since January 4, 2018.

2. Plaintiff, MARLA P. HOUSTON, is a resident of Prince George's County in the state of Maryland. Ms. Houston is the administratrix of the Estate of Derrick Staton and was the mother of the late Derrick Staton.

3. Defendants are GARY L. BOTTALICO, a resident of Prince George's County in the state of Maryland, the WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (WMATA) which operates within the state of Maryland, and the STATE OF MARYLAND.

## INTRODUCTION

4. This action is brought by the ESTATE OF DERRICK STATON and MARLA HOUSTON, against GARY L. BOTTALICO, the WASHINGTON METROPOLITAN TRANSIT AUTHORITY (WMATA), and the STATE OF MARYLAND. Upon information and belief, all the aforementioned entities operate within, reside within, or are subject to personal jurisdiction within the State of Maryland and the United States District Court for the District of Maryland.

5. Furthermore, the WMATA Interstate Compact Act of 1966 (WMATA Compact; MD. CODE ANN., Transp. Article '10-204(81), 28 U.S.C. 1446), which founded the Washington

Metropolitan Transit Authority (WMATA), makes clear that venue is proper in federal court with regard to this matter.

6. Plaintiffs originally filed a claim for relief directly with Office of Maryland State Treasurer Nancy K. Knopp on May 23, 2018, within one year of the accident. Plaintiffs' claim was subsequently denied by the Maryland State Treasurer's Office.

## JURISDICTION

7. The United States District Court for the District of Maryland has jurisdiction over the present matter pursuant to the WMATA Interstate Compact Act of 1966 (WMATA Compact; MD. CODE ANN., Transp. Article '10-204(81), 28 U.S.C. 1446), which maintains that United States District Courts have original jurisdiction, concurrent with the Courts of Maryland and Virginia, "of all actions brought by or against the Washington Metro Transit Authority (WMATA) and any such action initiated in a State Court shall be removable to the appropriate United States District Court in the manner provided by Act of June 25, 1948, as amended." *See* 28 U.S.C.1446.

8. Section 12 of the WMATA Interstate Compact Act of 1966 states that WMATA may "sue and be sued." *See* D.C. Code Ann. § 9-1107.01(12). Furthermore, Section 81 of the interstate compact makes clear that venue is proper in the District Court for the United States District of Maryland. *See* D.C. Code Ann. § 9-1107.01(81).

9. Section 80 of the WMATA Interstate Compact Act of 1966 waives WMATA's sovereign immunity under the Eleventh Amendment by stating that WMATA "shall be liable for its contracts and for its torts and those of its Directors, officers, employees and agents

committed in the conduct of any proprietary function." *See* D.C. Code Ann. § 9-1107.01(80).

## FACTS

10. Plaintiffs' sixteen-year-old son, Derrick Staton, was struck and killed on January 1, 2018 at approximately 1:00pm while crossing the intersection of Chadds Ford Road and Crain Highway/Route US 301 in Prince George's County, Maryland.

11. The late Derrick Staton, born on November 1, 2001, was living with his mother, Marla Houston, at 7508 Castle Rock Dr., Clinton, MD 20735 at the time of his death.

12. Derrick Staton was a sophomore at Dr. Henry A. Wise, Jr. High School and played on the Junior Varsity football team. Derrick also played basketball and baseball for other teams. He was also in the Junior Reserve Officers' Training Corps (JROTC) Program at his school and often volunteered at local homeless shelters, as well as the Go Tell It Early Learning Center (his mother's daycare center), while also assisting his mother around the house and yard after school. Finally, Derrick started learning his stepfather Robert Marshall's HIT floor business and sought to become his business partner.

13. Derrick Staton was a member of the First Baptist Church of Glenarden and a attended several church youth groups since the age of nine; Unashame (formally MERGE Youth group), Turning Point (a safe, healthy environment to help individuals overcome life-controlling problems), REBELS 4 LIFE (Youth Bible Study) and Vacation Bible School. He also attended the Redeem Christian Worship Center with his father, Rodney Staton, serving in their youth ministry.

14. Derrick Staton was a two-year member of the Young Marines program.

4

15. On January 1, 2018, Derrick Staton was crossing the intersection of Chadds Ford Road and Crain Highway/Route US 301 to his way to the Safeway located at the Brandywine Crossing shopping mall when he was struck and killed by a vehicle operated by Metropolitan Transit Authority Officer Gary L. Bottalico.

16. The intersection of Chadds Ford Road and Crain Highway/Route US 301 had no crosswalk on the date of January 1, 2018.

17. Officer Bottalico was traveling at an excessive speed greater than the posted speed limit of 55 mph in his vehicle, owned by Defendant WMATA, through the intersection of Chadds Ford Road and Crain Highway/Route US 301.

18. The late Derrick Staton was struck and killed by the front bumper of Officer Bottalico's Metropolitan Transit Police Vehicle, a Chevrolet Silverado pickup truck.

19. The late Derrick Staton was then pronounced deceased at the scene of the accident.

20. That as a result of the negligent actions of Officer Bottalico, the late Derrick Staton suffered physical injuries, other damages, and death.

21. That the physical injuries, other damages, and death suffered by the late Derrick Staton were proximately and directly caused by the negligent acts of Officer Bottalico by driving negligently and at an excessive speed through the intersection of Chadds Ford Road and Crain Highway/Route US 301.

22. That the negligence of Officer Bottalico consisted of negligent driving, failing to drive an appropriate speed, failing to use due care and caution before driving through an intersection, and failing to check for pedestrians in his path before driving through an intersection.

23. At all times herein mentioned, the Decedent Derrick Staton was acting in a careful and prudent manner and did not assume the risks of his injuries and death and was not contributorily negligent.

24. That at the time of his death Derrick Staton was survived by his mother Marla Houston, his father Rodney Staton, his stepfather Robert Marshall, sister Erica Conway, and brother Malik Staton.

25. Plaintiff Marla Houston has been the administratrix of the Estate of Derrick Staton since January 29, 2019.

26. That the death of Derrick Staton has adversely affected Plaintiff Marla Houston, who has suffered physical harm as well as loss of future earnings, loss of enjoyment, loss of future benefits, loss of future services, and negligent infliction of emotional distress.

### AS FOR THE FIRST CAUSE OF ACTION (WRONGFUL DEATH/VICARIOUS LIABILITY)

27. Plaintiffs, herein, re-allege the allegations in paragraphs 1-26 as if fully set forth herein.

28. That the death of the late Derrick Staton was directly and proximately caused by the grossly negligent actions of Officer Bottalico, who was conducting a proprietary function and acting within the scope of his employment with the Washington Metropolitan Area Transit Authority and the Metropolitan Transit Police Department on January 1, 2018 when he caused the physical injuries and death of the late Derrick Staton.

29. Even if the conduct of Office Bottalico was *merely* negligent, Plaintiffs possess the basis to demand compensation from Defendant Washington Metropolitan Area Transit Authority.

30. That Marla Houston, the surviving mother of the late Derrick Staton and Administrator of the Estate of Derrick Staton, sustained pecuniary lose, mental anguish, emotional pain and

suffering, loss of future earnings, and other damages arriving out of the death of Derrick Staton.

31. That Robert Marshall, the surviving stepfather of the late Derrick Staton, sustained pecuniary lose, mental anguish, emotional pain and suffering, loss of future earnings, and other damages arriving out of the death of Derrick Staton.

### AS FOR THE SECOND CAUSE OF ACTION (BREACH OF OBLIGATION TO DESIGN AND CONSTRUCT SAFE ROADS)

32. Plaintiffs, herein, re-allege the allegations in paragraphs 1-26 as if fully set forth herein.

33. That the death of the late Derrick Staton was directly and proximately caused by latent defects in the design of the intersection of Chadds Ford Road and Crain Highway/Route US 301 where Officer Bottalico struck and killed Derrick Staton.

34. That the roads contained in the intersection are designed, controlled, operated, and maintained by the State of Maryland and that the State of Maryland has a proprietary obligation to the general public to design safe roads.

35. That a municipality has a proprietary duty to design and construct its roads and highways in a reasonably safe condition and liability will ultimately flow for injuries resulting from a breach of that duty.

### AS FOR THE THIRD CAUE OF ACTION (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

36. Plaintiffs, herein, re-allege the allegations in paragraphs 1-26 as if fully set forth herein.

37. Officer Bottalico was negligent in breaching the duty of care it owed Derrick Staton when he drove negligently through the intersection of Chadds Ford Road and Crain Highway/Route

US 301, conducting a proprietary function and acting within the scope of his employment with the Metropolitan Transit Police Department.

38. Plaintiff Marla Houston suffered physical harm due to trauma as well as severe emotional distress as a direct and proximate result of Officer Bottalico's actions that took place within the scope of his employment with the Metropolitan Transit Police Department and in the conduct of a proprietary function.

39. The actions alleged herein were done with reckless and wanton disregard of the late Derrick Staton's rights.

40. As a result of Officer Bottalico's conduct, Plaintiffs have incurred and will continue to suffer from physical, emotional, and monetary damages in an amount to be proven at trial.

### AS FOR THE FOURTH CAUSE OF ACTION (NEGLIGENT TRAINING AND SUPERVISION)

41. Plaintiffs, herein, re-allege the allegations in paragraphs 1-26 as if fully set forth herein.

42. Defendant Washington Metropolitan Area Transit Authority, acting by and through its actual and/or apparent agents, servants, and/or employees, owed a continuing duty to train and supervise their employees to follow proper safety procedures, to operate state owned vehicles in a safe and responsible manner, to drive through an intersection with caution and at an appropriate speed, and to keep a proper lookout when driving through an intersection.

43. Defendant Washington Metropolitan Area Transit Authority, acting by and through its actual and/or apparent agents, servants, and/or employees, breached the duties owed to the later Derrick Staton and Plaintiffs, by, inter alia, operating a state owned vehicle without proper training; failure of employee to operate state owned vehicles in a safe and responsible manner; failure of employee to dive at a safe speed within the listed speed limit; failure of

employee to drive through an intersection with proper caution; and failure of employee to keep a proper lookout when driving through an intersection. At all times mentioned herein, the late Derrick Staton was free of negligence and/or contributory negligence and assumed no risk.

44. As a direct and proximate retails of the aforesaid improper training and supervision of officer Bottalico, the late Derrick Staton suffered fatal injuries and damages, ultimately resulting in death.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, ESTATE OF DERRICK STATON and MARLA P. HOUSTON demand judgment against Defendants due to the wrongful death of Derrick Staton in the sum of eight hundred and thirty thousand dollars ($830,000.00) in damages for the wrongful and preventable death of their son due to the negligent conduct of Washington Metropolitan Transit Authority Police Officer Bottalico and the faulty design of the intersection, as well as any such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

DATED:

December 15, 2020

/s/Christopher A. Zampogna
CHRISTOPHER A. ZAMPOGNA
ZAMPOGNA, P.C.
Bar No. 28219
*Attorney for Plaintiffs*
1776 K Street, N.W., Ste. 700

WASHINGTON, DC 20006
(202) 223-6635
caz@zampognalaw.com

10