# Zampogna, P.C.
**Attorneys at Law**

1776 K Street, N.W. Suite 700 Washington, DC 20006
Tel.: 202.223.6635  * www.zampognalaw.com

February 12, 2021

<u>*Via CM/ECFS*</u>
The Honorable Judge Paul W. Grimm
The United States District Court
6500 Cherrywood Lane
Greenbelt, MD 20770

    Re:   Estate of Derrick Staton, et al. v. Bottalico, et al…
          CIVIL ACTION NO: 20-CV-3628

Dear Judge Grimm:

    Plaintiffs write this letter per your paperless order dated January 27, 2021, which requests a response in a single-spaced letter in response to the WMATA assertions to dismiss his claims.

    Defendant, WMATA must remain a party to this action per long standing ability of federal courts to hear claims against the agency via the compact with the states. (WMATA Interstate Compact Act of 1966 (WMATA Compact; MD. CODE ANN., Transp. Article '10-204(81), 28 U.S.C. 1446), which founded the Washington Metropolitan Transit Authority (WMATA), makes clear that venue is proper in federal court with regard to this matter.)

    The United States District Courts **shall** have original jurisdiction, concurrent with the Courts of Maryland, Virginia and the District of Columbia, of all actions brought by or against the Authority and to enforce subpoenas issued under this Title. Any such action initiated in a State or District of Columbia Court shall be removable to the appropriate United States District Court in the manner provided by Act of June 25, 1948, as amended (28 U.S.C. 1446).[1]

    Here, specifically in the first cause of action, we have a prime example of negligence not immune and for which the government is liable which is "negligence in the operation of vehicles." *Dalehite et. al. v. U.S.*, 346 U.S. at 29, 73 S.Ct. 956 (1953); see also *United States v. Gaubert*, 499 U.S. 315, 325 n. 7, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) ("Although driving requires the constant exercise of discretion, the official's decisions in exercising that discretion can hardly be said to be grounded in regulatory policy."). *Smith v. WMATA*, 290 F.3d 201 (4th Cir. 2002). In

---

[1] Note that in a prior response to the State of Maryland's request to file a motion to dismiss, the cases being so intertwined that the court shall hear the two intertwined cases in federal court.

Response to WMATA Letter Dated January 25, 2021
Page | 2

this case, an employee of WMATA, Bottalico, drove a vehicle marked with WMATA signage on a public highway and this activity falls within the liability factors opined by the Supreme Court.

Plaintiff concedes that the Negligent Infliction of emotional distress should be merged as an element of damage related to the gross negligent claim alleged by the Plaintiff in count I (see *Swanson v. Wilde* 74 Md. App. 57 (1988)), making emotional distress a part of damages in underlying tort). We will withdraw this separate claim and apologize for this oversight.

Plaintiff's claim for negligent training should remain due to the analysis that this is not a policy function of the state, rather it created a danger to public safety due to improper training of an employee of WMATA. In *Biscoe*, the court analyzed how to determine whether training and observation fall under the purview of negligence.

Specifically, the court found that in a case related to an accident caused by a high speed chase that the DC Federal Court opined that it was a ministerial duty, and the officer and the agency could be held liable (*Biscoe v. Arlington County*, 738 F.2d 1352, 238 U.S. App. D.C. 206 (D.C. Circuit 1984; cited in *Cherry v. District of Columbia* 330 F. Supp. 3d 216 (D.D.C. 2018) and distinguishing both citations relied upon by the defendant WMATA, *Martin v. WMATA*, 667 F.2d 435, 436 (4th Cir. 1981) and *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d. 1207, 1217 (D.C. Cir. 1997).

Defendant's request to dismiss due to a heightened standard to pleading standard for gross negligence fails as the statements are not conclusory but rather descriptive of the events of that fateful day for Derrick Staton.

Despite this description, the plaintiff will request and has the right to amended its complaint on this issue in order to add further the details of the gross negligent conduct of the driver Bottalico (see Federal Rule of Civil Procedure 15(a)'s permissive amendment provisions. See Fed.R.Civ.P. §15(a)(1) ('A party may amend its pleading once as a matter of course; see further *Faye v. High's of Baltimore*, 541 F.Supp.2d 752 (D. Md. 2008)).

                                            Sincerely,
                                            /s/Christopher A. Zampogna
                                            Zampogna, P.C.
                                            Christopher A. Zampogna

cc. Other parties (State of Maryland and WMATA via ECF)