February 19, 2021

The Honorable Paul W. Grimm
Associate United States District Court Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

Re:   *Houston et al. v. Bottalico, et al.,* Civil Action No. PWG 20-cv-3628
      **Reply to Plaintiff's Opposition to WMATA's Motion to Dismiss**

Dear Judge Grimm:

Section 81 of the WMATA Compact gives federal courts original jurisdiction over all matters involving WMATA.  *See* MD CODE ANN., TRANS. ART., §10-204(81).  Section 80 of the WMATA Compact, however, limits the matters for which WMATA can be sued.  *See* MD CODE ANN., TRANS. ART., §10-204(80)(WMATA "shall not be liable for any such torts occurring in the performance of a *governmental function*.")  As admitted in Plaintiff's Complaint, Officer Bottalico was operating a marked MTPD police cruiser while on duty for WMATA, activities which fall under WMATA's immunized police function.

The D.C. Circuit developed two tests to analyze whether WMATA's sovereign immunity applies in a case.  *See Burkhart v. WMATA,* 112 F.3d 1207 (D.C.Cir.1997).   First, "[i]f an activity is a quintessential governmental function, such as police activit[y], it is within the scope of WMATA's sovereign immunity."  *Id.* at 1216 (citing *Dant v. D.C,* 829 F.2d 69, 74 (D.C.Cir.1987)).  Second, "[f]or those activities that are not quintessential governmental functions, immunity will depend on whether the activity is discretionary or ministerial ….)  *Id.*  The Fourth Circuit has adopted the D.C. Circuit's test for analyzing WMATA's immunity.  *See Smith v. WMATA,* 290 F.3d 201, 207-08 (4th.Cir.2002).  "[I]f [WMATA] is engaged in a quintessential governmental function, its activities fall within the scope of its immunity." *Id.* at 207.

Here, Plaintiff's pleading makes clear that the alleged accident occurred while Officer Bottalico was engaged in WMATA's police function.  He was driving a marked MTPD police vehicle in the scope of his employment.  *See* Complaint at ¶¶ 18, 37, ECF #1.  "It is fairly established … [that] the operation of a police force is a governmental function *and the acts or omission in connection therewith ordinarily does not give rise to liability." Martin v. WMATA,* 667 F. 2d 435, 436 (4th.Cir.1981).  Accordingly, this court lacks subject matter jurisdiction over the claims against WMATA because under the facts of this case, WMATA has sovereign immunity.  *See Dant,* 829 F.2d at 71-74 ("[I]n approving the [WMATA] Compact … Congress has foreclosed judicial remedy against WMATA for all torts … committed by WMATA in the exercise of [its] police functions…."); *see also Smith,* 290 F.3d at 205 (In 1995, [The Fourth Circuit] observed that an assertion of governmental immunity is properly addressed under the provisions of Rule 12(b)(1) of the Federal Rules of Civil Procedure.)  As such, the claims asserted against WMATA must be dismissed.

Plaintiff's reliance on *Dalehite, Gaubert,* and *Smith* is misplaced. None of those cases involve police function. They analyzed governmental immunity under the *discretionary* versus *ministerial governmental function* test. WMATA's immunity in the instant matter does not fall under either discretionary or ministerial governmental functions. It is under the *quintessential governmental* function analysis since the facts of this case involve WMATA's MTPD and its police officer.

Plaintiff's reliance on *Biscoe v. Arlington County* in opposition to WMATA's alternative immunity argument for negligent hiring, training, and supervision is equally misplaced. *Biscoe* did not analyze WMATA's Compact and/or sovereign immunity under federal law. *Biscoe* involved a question of governmental immunity under District of Columbia law where the inquiry first requires a determination of whether the acts in question are discretionary or ministerial. *See Biscoe v. Arlington County,* 738 F.2d 1352, 1362-63 (D.C. Cir.1984). The D.C. Circuit held that under District of Columbia law governmental immunity did not extend to acts which constitute the execution of policy. *Id.* In the District of Columbia, both official and governmental immunity depended on the ministerial-discretionary dichotomy. The term "ministerial" denotes the execution of policy. The Court further held that under District of Columbia law governmental immunity extended only to the formulation of policy. *Id.* Thus, under District of Columbia law, the acts of hiring, training, and supervision, which only *implement* policy, would not be immunized. *Id.*

WMATA is not controlled by *Biscoe*. The D.C. Circuit held that the *Biscoe* analysis was inapplicable to the WMATA Compact because the WMATA Compact was governed under federal law. *See Burkhart,*112 F.3d 1207, 1216-17 (D.C.Cir.1997) Specifically, the court stated:

> Appellees cite our opinion in *Biscoe v. Arlington County* ... for the proposition that supervising and instructing employees is a ministerial function. In *Biscoe,* we held that, under D.C. law, the activities of supervising and instructing police officers are ministerial in that they involve day-to-day operational matters, not planning and policy … However, in *United States v. Gaubert* ... the Supreme Court held that discretionary activity, for purposes of the FTCA, can include operational activities and is not confined to the policy or planning level. Thus, the foundation upon which we based our discretionary/ministerial distinction in *Biscoe* was repudiated as a matter of federal law in *Gaubert.*

*Id.* at 1216. Hence, the D.C. Circuit, in analyzing a claim of negligent hiring and supervision against WMATA under the Compact, held that WMATA was immune from negligent hiring, training, and supervision claims. *Id.* at 1217 ([W]e hold that decisions concerning the hiring, training, and supervising of WMATA employees are discretionary in nature, and thus immune from judicial review.

Pursuant to the court's January 27, 2021 Paperless Order that Plaintiff "shall submit a three-page letter responding to WMATA's challenges … *except for challenges concerning pleading deficiencies as to the gross negligence claim,"* WMATA will follow the Court's instruction and refrain from addressing Plaintiff's arguments included in his opposition letter.

                                                           Respectfully,

                                                           /s/ Janice L. Cole
                                                           Janice L. Cole
                                                           Senior Counsel II
                                                           (202) 962.2543
                                                           (202) 604-1833 (cell)
                                                           (202) 962-2550 (fax)
                                                           Email: jlcole@wmata.com

                                                           /s/ *Neal M. Janey, Jr*.
                                                           Neal M. Janey, Jr. #995449
                                                           Senior Counsel
                                                           Office of the General Counsel
                                                           600 Fifth Street, N.W.
                                                           Washington, D.C. 20001
                                                           (202) 962-1067
                                                           Email: nmjaney@mata.com

                                                           Attorneys for WMATA and
                                                           Bottalico

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this letter was served upon counsel noted below via this Court's electronic service, on this 19th day of February 2021:

Denisha A. Watson
Attorney for Defendant Maryland, and

Christopher Zampogna
Attorney for Plaintiffs

                                                                                                            /s/ *Neal M. Janey, Jr.*
                                                                                                            Neal M. Janey, Jr.